**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: July 25, 2014
Date Decided: July 29, 2014

Augustus Hebrew Evans, Jr.
JTVCC
1181 Paddock Road
Smyrna, Delaware 19977

> Re:  *Augustus Evans, Jr. v. Bayer Corp.*
>      *Augustus Evans, Jr. v. Johnson & Johnson Co.*
>      C.M. No. 05468-N

Dear Mr. Evans:

Before me are Motions to Proceed *In Forma Pauperis* filed by Augustus Hebrew Evans, Jr. in two actions which Mr. Evans seeks to bring in Chancery—one against Bayer Corp. and the other against Johnson & Johnson Co. Mr. Evans alleges in his Complaints that he has been injured by pharmaceutical products manufactured and sold by the defendants. He seeks damages under contract and tort theories. Mr. Evans is incarcerated by the State of Delaware, and seeks to proceed *in forma pauperis*. Regardless of whether a plaintiff is otherwise a person to whom *in forma pauperis* status would be granted, this Court will not grant such a motion where the underlying action fails to state a claim, under the rubric that

equity will not accomplish a futile act.[1] After a review of both the Complaint against Bayer Corp. and the Complaint against Johnson & Johnson Co., it is clear that Mr. Evans cannot establish jurisdiction in this Court. Therefore, the Motions to Proceed *In Forma Pauperis* are DENIED. Of course, that denial is not conclusive with respect to Mr. Evans' prerogative to bring these actions in a court of law.

Chancery is a court of limited jurisdiction. A plaintiff may bring a matter in Chancery only where it involves equitable subject matter, seeks an equitable remedy or where jurisdiction is provided by statute.[2] In the "supplemental information" that Mr. Evans filed with his Complaints pursuant to Court of Chancery Rule 3(a),[3] he states that this Court has jurisdiction under Superior Court Civil Rule 8; 6 *Del. C.* §§ 2-314, 2-316(2) and 2-318; and 10 *Del. C.* § 1902. Superior Court Civil Rule 8 refers to the general rules of pleadings in that court.[4] The sections on which Mr. Evans relies in Title 6 are UCC sections involving warranties.[5] Finally, 10 *Del. C.* § 1902 is a statute which preserves the viability of

---

[1] *Abdul-Akbar v. Delaware Dep't of Corr.*, 1994 WL 469189, at *1 (Del. Ch. Aug. 11, 1994).
[2] 10 *Del. C.* § 342.
[3] *See* Ct. Ch. R. 3(a)(2) ("Each complaint, when accepted for filing by the Register in Chancery, shall be accompanied by a covering sheet in the form adopted by the Court and containing information which the Court shall determine is necessary and appropriate.").
[4] *See generally* Super. Ct. Civ. R. 8.
[5] *See* 6 *Del. C.* § 2-314 (implied warranty of merchantability); 6 *Del. C.* § 2-316(2) (exclusion of modification of warranties); 6 *Del. C.* § 318 (third party beneficiaries of warranties).

2

litigation brought wrongly in a court without jurisdiction.[6] None of these sections confer jurisdiction on this Court to hear the matters Mr. Evans seeks to place before it.

Mindful of Mr. Evans' *pro se* status, I have reviewed his two voluminous Complaints closely. Without reciting each cause of action contained in these Complaints, it should suffice to say that each sounds in tort or contract; in other words, no equitable claim is presented. In addition, each seeks damages, including punitive damages unavailable in this Court. No equitable remedy is sought in the Complaints. Finally, in the supplemental information filed with each Complaint, the following question and answer appear:

> 8. If the complaint seeks preliminary equitable relief, state the specific preliminary relief sought.
>   1. Medical examination by specialist.
>   2. Mental examination by specialist.
>   3. Expedited discovery.
>   4. Appointment of counsel.[7]

Mr. Evans would not be entitled to appointment of counsel in this Court. Expedition is available in equity and at law. Finally, the request for medical and mental examinations appears to be designed to gather evidence in connection with

---

[6] *See* 10 *Del. C.* § 1902 ("No civil action, suit or other proceeding brought in any court of this State shall be dismissed solely on the ground that such court is without jurisdiction of the subject matter, either in the original proceeding or on appeal. Such proceeding may be transferred to an appropriate court for hearing and determination, provided that the party otherwise adversely affected, within 60 days after the order denying the jurisdiction of the first court has become final, files in that court a written election of transfer, discharges all costs accrued in the first court, and makes the usual deposit for costs in the second court.").

[7] Supp. Info. ¶ 8.

3

his legal claims against the two defendants. They are not separate claims for equitable relief. Expert discovery is available at law as well as in equity.[8] To the extent that it was Mr. Evans' intent to seek equitable relief in aid of discovery, no party to whom such an equitable order could be addressed is before the Court: neither Bayer Corp. nor Johnson & Johnson Co. has any control over Mr. Evans' access to experts.

Since Mr. Evans' claims neither seek equitable relief nor involve equitable subject matter, and because the statutory bases recited by Mr. Evans do not support equitable jurisdiction, I conclude that this Court is without jurisdiction to hear these cases. Therefore, permitting Mr. Evans to proceed *in forma pauperis* in this Court would be futile, and his Motions to so proceed are DENIED. To the extent the foregoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[8] *See, e.g.*, Super. Ct. Civ. R. 26(b).